IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-16-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| ERNESTINE WARD COFIELD, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion (DE 88) to reduce sentence pursuant to the Fair Sentencing Act and 18 U.S.C. § 3582(c), to which the government responded in opposition. For the following reasons, defendant's motion is denied.

## STATEMENT OF THE CASE

Defendant was adjudicated guilty and sentenced on November 9, 2011, to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. The court sentenced defendant to a term of imprisonment of 264 months. Defendant filed the instant motion on May 31, 2018, asserting that he qualifies for a sentence reduction under the Fair Sentencing Act and under Amendment 782 to the Sentencing Guidelines.

## COURT'S DISCUSSION

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the

factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Here, defendant seeks a reduction pursuant to Amendment 782 to the Sentencing Guidelines. Although this is a qualifying amendment, it "does not have the effect of lowering the defendant's applicable guideline range," because the drug weight for which defendant was held accountable (278.25 kilograms of cocaine base and 13.51 kilograms of cocaine) still results in a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1); Tr. (DE 70) at 7 (adopting findings in presentence report).

Moreover, defendant's guidelines sentencing range (324 to 405 months), and actual sentence imposed (264 months), were well within the statutory minimum and maximum penalties both before and after enactment of the Fair Sentencing Act. See 21 U.S.C. § 841(b)(1)(B) (not less than 5 years or more than 40 years); 21 U.S.C. § 841(b)(1)(A) (not less than 10 years or more than life); Fair Sentencing Act of 2010, PL 111-220, 124 Stat 2372 (August 3, 2010); cf. United States v. Black, 737 F.3d 280, 282 (4th Cir. 2013) (rejecting defendant's argument that "a § 3582(c)(2) proceeding conducted after the effective date of the Fair Sentencing Act provides a vehicle by which to apply the reduced minimum sentences in the Fair Sentencing Act to him"). Thus, consideration of the record in light of the factors under 18 U.S.C. § 3553(a), as well as Fair Sentencing Act statutory minimum and maximum penalties, does not provide a basis for reduction of defendant's sentence.

## CONCLUSION

Based on the foregoing, defendant's motion for sentence reduction (DE 88) is DENIED.

SO ORDERED, this the 4th day of October, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge